UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALTHEA SMITH ENGLAND,

    Plaintiff,

v.                                                                   Case No: 8:17-cv-2621-T-36JSS

DOUG BELDEN, PAT FRANK, BOB
HENRIQUEZ and LTD FAMILY TRUST
LLC,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court on Plaintiff's Motion for Emergency Stay and Evidentiary Declaration in Support of Motion (the "Motion") (Doc. 5). Plaintiff asserts in the Motion that the Court should grant an immediate stay of the Writ of Possession in the Hillsborough County Circuit Civil Case No. 17-CA-004018 (the "State Court Action"). She declares and affirms that the property that is the subject of the Writ of Possession (the "Property") was "unlawfully sold or conveyed in an action for quiet title in violation of numerous Florida statutes." Doc. 5 at 1. Plaintiff requests a stay of execution from this Court to stop the eviction scheduled on Monday, November 6, 2017. *Id*. at 2. Plaintiff filed her Complaint November 2, 2017, and there is no evidence that any of the named Defendants have been served or otherwise notified of this action.

"Motions of an emergency nature may be considered and determined by the Court at any time, in its discretion." M.D. Fla. L. R. 3.01(e). To the extent that this Court has jurisdiction over the Complaint, it finds that the Motion does not state a true emergency. Plaintiff has had knowledge that the eviction was set to occur since September 2017, (Doc. 1 at 5), but has provided

no explanation for the delay in filing this Complaint and Motion. Plaintiff's failure to act does not justify emergency treatment of this Motion.

The Court instructs Plaintiff that under Local Rule 3.01(e) "[t]he unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions." Failure to comply with the Local Rules of the Middle District of Florida may result in sanctions. And the Motion does not comply with the Local Rules of the Middle District of Florida which require a motion or other application for an order to include "a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." M.D. Fla. L.R. 3.01(a).

To the extent Plaintiff seeks a temporary restraining order or preliminary injunction against LTD Family Trust LLC to prevent it from taking possession of the Property in the State Court Action, Plaintiff has not demonstrated entitlement to relief. "The issuance of a temporary restraining order or preliminary injunctive relief is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Samson v. Murray*, 415 U.S. 61 (1974)). Pursuant to the Federal Rules of Civil Procedure, a temporary restraining order may be granted without written or oral notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Similarly, the Local Rules of the Middle District of Florida provide that a motion for a temporary restraining order must demonstrate that the movant's anticipated injury "is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." M.D. Fla. L. R. 4.05(b)(2). Further, the motion should describe precisely the conduct

sought to be enjoined. *Id*. at 4.05(b)(3). Finally, the brief or memorandum submitted in support of the motion must address the following: (1) the likelihood that the moving party will ultimately prevail on the merits; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest, if any. *Id*. at 4.05(b)(4).

Here, Plaintiff falls far short of establishing that she is entitled to a temporary restraining order or a preliminary injunction. First, she has not demonstrated that she will suffer an "immediate and irreparable injury" that is "so imminent that notice and a hearing . . . is impractical if not impossible." *Id*. at 4.05(b)(2). Second, she has failed to offer any reason why notice and a hearing would be "impractical if not impossible." *Id. See also* Fed. R. Civ. P. 65(b)(1)(B). Finally, Plaintiff has failed to address the likelihood that she will prevail on the merits of this case; the potential harm that might be caused to the opposing party or others if the order were issued; or the public interest, if any. *See* M. D. Fla. Local Rule 4.05(b)(4). In sum, Plaintiff has failed to comply with the procedural requirements for issuance of a temporary restraining order and preliminary injunction.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Emergency Motion for Emergency Stay and Evidentiary Declaration in Support of Motion is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 6, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES FURNISHED TO:**
Counsel of Record and Unrepresented Parties, if any.